# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**JOHN F. SMITH,**

      **Petitioner,**

      **v.**

**ROBIN KNAB, WARDEN,**

      **Respondent.**

**CASE NO. 2:11-CV-00844**
**JUDGE WATSON**
**MAGISTRATE JUDGE ABEL**

## OPINION AND ORDER

On June 28, 2013, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, Petitioner's *Objection,* Doc. No. 12, is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

This case involves Petitioner's convictions after a jury trial on felonious assault and involuntary manslaughter. The charges arose when Petitioner assaulted Bryan Biser, hitting him in the head with a closed fist. Biser, who was diabetic, died four days later. Petitioner asserts in these proceedings that he was denied effective assistance of counsel because his attorney failed to investigate, present evidence, and rebut testimony of the State's witnesses by showing that he did not cause the victim's death and that Biser died because he failed to properly care for his diabetes.

The state courts rejected Petitioner's claim, presented in post conviction proceedings, as barred under Ohio's doctrine of *res judicata* based on Petitioner's failure to raise the claim on direct appeal. The Magistrate Judge nonetheless addressed the merits of Petitioner's claim, because Petitioner supported his claim with evidence outside the record, but concluded that Petitioner's claim lacked merit. Petitioner objects to this recommendation.

Petitioner asserts that his attorney performed in an inadequate manner under the test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). He argues that the state courts unreasonably applied federal law in denying his claim, as "no reasonable trial attorney would have failed to investigate and failed to present an expert witness to testify at Smith's trial regarding the victim's metabolic state and mismanaged diabetes." *Objection*, PageID #1218. In support of this claim, Petitioner submits an affidavit from Dr. Elena Christofides, who concluded that Biser's death was the result of his poor management of his diabetes. She testified his blood glucose level at the time of the assault would have interfered with his brain function, regardless of the head injury caused by the assault, and he overdosed on his insulin. *Objection,* PageID# 1222. Further, Dr. Christofides concluded that the timing of Biser's death was inconsistent with a finding that his head injury was the proximate cause of his death. Petitioner asserts that he was prejudiced by his attorney's failure to call such an expert witness to testify regarding the cause of death and argues Christofides testimony would have exonerated him.

Additionally, Petitioner objects to certain factual findings of the state appellate court. Specifically, Petitioner refers to the following language of the state appellate court's decision, indicating "[t]he defense expert was handicapped in making her analysis due to a lack of medical records and history of the victims case. . . . [S]he could not testify as an expert with any degree of medical certainty or probability as to the cause of death. Also, defense counsel reasonably would not want to risk a failure to qualify this witness to testify as an expert. That could greatly prejudice his case before the jury." *Exhibit 27 to Return of Writ*. Petitioner contends that these findings are unreasonable in view of the record presented, *Objection*, PageID #1225-26, as Christofides reviewed the same or additional evidence as Dr. Cox and concluded as to Biser's cause of death to a reasonable degree of medical certainty. *See Petitioner's Reply, Doc. No. 10, Exhibits 2-3*. Finally, Petitioner argues that the Court should not give deference to defense counsel's failure to present expert testimony because defense counsel failed to investigate. In short, Petitioner again asserts that, had his attorney presented such expert testimony regarding the cause of death, there is a reasonable probability that he would have been acquitted.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Upon review of the entire record, and for the reasons already well detailed in the Magistrate Judge's *Report and Recommendation,* this Court is not persuaded that Petitioner is entitled to relief. The standard of review in federal habeas corpus proceedings provides that this Court cannot grant relief unless the

state court's decision contravened or unreasonably applied federal law, or its decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d), (e). Under this standard of review, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as "'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, ——U.S. ——, 131 S.Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Such are the circumstances here.

As discussed by the Magistrate Judge, evidence indicated Biser had been self-treating his diabetes without any known difficulties for an unknown period of time, and he appeared to be healthy and functioning normally until the time of the assault. Dr. Trent, the deputy coroner, found that the cause of death was homicide due to blunt force craniocerebral injuries. Dr. Glenn Roush, a radiologiest, testified that Biser's April 19, 2005 CAT scan showed a skull fracture and recent brain injury. He had "never seen anyone with this sort of injury be able to function." Dr. William Cox, a forensic neuropathologist, testified that the cause of death was diabetic ketoacidosis and that the contusions to the frontal lobes of Biser's brain affected his cognitive ability and substantially contributed to his death because it clearly would have affected his ability to take care of himself. The state court's conclusion rejecting Petitioner's claim is supported by substantial evidence.

Petitioner's *Objection*, Doc. No. 12, therefore is **OVERRULED**.

Petitioner also seeks a certificate of appealability and requests to proceed *in forma pauperis* on appeal.  When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983).  *Slack v. McDaniel*, 529 U.S. 473, 484.  To make a substantial showing of the denial of a constitutional right, a petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " *Barefoot*, 463 U.S., at 893, and n. 4....

*Id*.  Petitioner meets this standard here.  Petitioner's request for a certificate of appealability is **GRANTED.**  The following issue is certified for appeal:

> Was Petitioner denied effective assistance of counsel under the test set forth in *Strickland*?

Because the filing fee assessment procedures prescribed by the Prison Litigation Reform Act are not applicable to appeals taken in habeas corpus matters*, see Kincade v. Sparkman*, 117 F.3d 949 (6th Cir.1997), the issue is simply whether petitioner can afford the $455.00 filing fee for an appeal.

Federal Rule of Appellate Procedure 24(a) provides:

> (a) Leave to Proceed In Forma Pauperis.
>
> (1) Motion in the District Court. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to

appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

(2) Action on the Motion. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

(3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

(A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or

(B) a statute provides otherwise.

(4) Notice of District Court's Denial. The district clerk must immediately notify the parties and the court of appeals when the district court does any of the following:

(A) denies a motion to proceed on appeal in forma pauperis;

(B) certifies that the appeal is not taken in good faith; or

(C) finds that the party is not otherwise entitled to proceed in forma pauperis.

(5) Motion in the Court of Appeals. A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

(b) Leave to Proceed In Forma Pauperis on Appeal or Review of an Administrative-Agency Proceeding. When an appeal or review of a proceeding before an administrative agency, board, commission, or officer (including for the purpose of this rule the United States Tax Court) proceeds directly in a court of appeals, a party may file in the court of appeals a motion for leave to proceed on appeal in forma pauperis with an affidavit prescribed by Rule 24(a)(1).

(c) Leave to Use Original Record. A party allowed to proceed on appeal in forma pauperis may request that the appeal be heard on the original record without reproducing any part.

Petitioner is incarcerated but was not previously in this case granted pauper status and has not submitted an affidavit of indigency in support of his request. Therefore, Petitioner's request to proceed in forma pauperis is **DENIED** without prejudice to renewal pending submission of an affidavit from the prison where Petitioner is incarcerated of his prison trust account statement.

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner's request for a certificate of appealability is **GRANTED**.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**